UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:13-CR-178-T-27AEP

NOVA A. MONTGOMERY

**UNITED STATES' MOTION *IN LIMINE*
TO PRECLUDE IMPROPER LEGAL ARGUMENTS**

The United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and through its representative, the undersigned Assistant United States Attorney, hereby files this Motion *In Limine* to Preclude Improper Legal Arguments.   In support thereof, the United States submits the following:

**I. Introduction**

Based on the exhibit list filed with the Court by defendant Nova A. Montgomery on Friday, the United States anticipates that the defendant intends to raise several improper legal arguments that are consistent with the "tax protester" and/or "sovereign citizen" movement.   Federal courts throughout the nation have rejected such arguments as being frivolous and without merit.   Accordingly, the United States respectfully submits this motion *in limine* requesting the Court to prohibit the defendant from making such improper arguments with respect to the validity of the tax laws and to bar him from attempting to admit evidence, including testimony and documents, related to bogus "tax protester" arguments during trial,

absent a clear showing that she relied upon that information.

## II. Legal Argument

The government anticipates that the defendant will make improper and "frivolous" arguments that relate to "tax protester and sovereign citizen" theories based upon defendant's exhibit list, which consists almost entirely of legal decisions.  Many of these cases are of the sort that are used by tax protestors to claims that there is no legal obligation to file federal income tax returns, or to pay federal income taxes.  Contrary to the defendant's suggestion, the legal obligation to file income tax returns and pay federal income taxes owed is well established. The Internal Revenue Code, also known as the tax code, imposes an income tax on all citizens and residents of the United States, such as the defendant, as well as nonresident aliens who earn income within the United States.  The tax laws are valid, constitutional, and allow for the taxation of income from whatever source derived, including gross income from business, rents, compensation, interest, salaries, and wages.  The Sixteenth Amendment to the United States Constitution grants Congress the power to tax "incomes, from whatever source derived." Pursuant to this lawful authority, Congress has imposed a tax on the taxable income of every individual under Title 26, United States Code, Section 1.  A person is required to file a federal income tax return for any calendar year in which he or she has gross income in excess of the minimum filing requirement.[1]

---

[1] *See* 26 U.S.C. §§ 1, 61, 6012(a), 7701(b); 26 C.F.R. § 1.1-1; 8 U.S.C.

It is anticipated that the defendant will seek to testify about, argue to the jury, either in response to questions or as part of a non-responsive answer, or attempt to present evidence for the purpose of proving the following misstatements of established law, among others:

(a)   Individuals are not liable for income taxes;

(b)   Wages are not income;

(c)   The Sixteenth Amendment was not properly ratified;

(d)   Filing income tax returns is voluntary;

(e)   The defendant is not a "person" or "citizen" within the meaning of the Internal Revenue Code;

(f)   Federal Income Tax laws are unconstitutional; or

(g)   State or Commonwealth Citizenship exempts a person from Federal Income Tax requirements.

This Court is the sole arbiter of any questions of law that might arise at trial. *United States v. Willie*, 941 F.2d 1384, 1395-96 (10th Cir. 1991). Thus, should the defendant attempt to interject any of the above-listed or similar arguments, the Government will object and ask the Court to limit the amount of testimony or other evidence directed toward these arguments pursuant to Federal Rules of Evidence

---

§ 1401(a); *United States v. Richards*, 723 F.2d 646, 648 (8th Cir. 1983); *Cheek v. United States*, 498 U.S. 192, 206 (1991); *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938); *Commissioner v. Glenshaw Glass*, 348 U.S. 426, 429-30 (1955) (interpreting statute defining gross income); *Reese v. United States*, 24 F.3d 228, 231 (Fed. Cir. 1994) (absent enumerated exception, gross income means all income from whatever source derived); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993).

401, 402, and 403. These arguments and similar rhetoric about the validity of the tax laws are not relevant and should not be admitted. Any minimal relevance is substantially outweighed by the danger of confusing the jury. Fed.R.Evid. 403. The government urges the Court to use its broad discretion in controlling the introduction of such evidence.

The Supreme Court has made clear that any argument, evidence, or allegation that some or all of the tax code is unconstitutional or otherwise invalid, is not relevant and need not be heard by the jury. *United States v. Cheek*, 498 U.S. 192, 205-206 (1991). The Court in *Cheek* held that such claims do not bear on the issue of willfulness:

> Claims that some of the provisions of the tax code are unconstitutional are submissions of a different order. They do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code. Rather, they reveal full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable.

*Id*. at 205. *Cheek* defines the good faith defense to willfulness in tax cases: a mistaken belief by the defendant that the law did not require him or her to file a tax return or pay a tax. Thus, consistent with *Cheek*, the Court should preclude the defendant from admitting documents or "tax protest" literature that were not actually relied upon or which would otherwise confuse the jury.

In order for material relating to the defendant's state of mind to be admissible, he must first lay a proper foundation which demonstrates that he actually relied

4

upon the specific material that is being offered. *Willie*, 941 F.2d at 1392; *see also United States v. Simkanin*, 420 F.3d 397, 412-13 (5th Cir. 1995). Absent such a proffer, the evidence should not be admitted. *Willie*, 941 F.2d at 1214. The danger is that admission of such evidence will shift the issue from a defendant's "belief that the law is different" to a belief "that the law should be different." *Id*. Absent a clear showing, the *Willie* court stated the admission of these documents "could easily obfuscate the relevant issue and tempt the jury to speculate that the mere existence of documentary support for the defendant's position negates his independent knowledge that he has a legal duty." *Id*.

### III. Conclusion

For all of the foregoing reasons, the United States respectfully requests that the Court grant this Motion *in Limine* to preclude improper legal arguments to the jury.

        Respectfully submitted,

        A. LEE BENTLEY, III
        United States Attorney

By:   *s/ Mark E. Bini*
      MARK E. BINI
      Assistant United States Attorney
      AUSA No.130
      400 North Tampa Street, Suite 3200
      Tampa, Florida 33602
      Telephone: (813) 274-6000
      Facsimile: (813) 274-6103
      E-mail: mark.bini@usdoj.gov

**U.S. v. Nova A. Montgomery**  Case No. 8:13-CR-178-T-27AEP

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing:

> Lowell H. Becraft, Jr., Esq.
> Lisset Gonzalez Hanewicz, Esq.

          By:   *s/ Mark E. Bini*
                     MARK E. BINI
                     Assistant United States Attorney
                     AUSA No.130
                     400 North Tampa Street, Suite 3200
                     Tampa, Florida   33602
                     Telephone:   (813) 274-6000
                     Facsimile:   (813) 274-6103
                     E-mail:       mark.bini@usdoj.gov