UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:13-CR-178-T-27AEP

NOVA A. MONTGOMERY

## **SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

The United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, requests that the following proposed supplemental jury instructions be used to replace portions of the Government's Proposed Jury Instructions (Doc. 50) submitted previously.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: *s/ Mark E. Bini*
MARK E. BINI
Assistant United States Attorney
AUSA No. 130
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Mark.Bini@usdoj.gov

U.S. v. Nova A. Montgomery   Case No. 8:13-CR-178-T-27AEP

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Lowell H. Becraft, Jr., Esq.
Lisset Gonzalez Hanewicz, Esq.

*s/ Mark E. Bini*
MARK E. BINI
Assistant United States Attorney
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Mark.Bini@usdoj.gov

# 93.1
# Tax Evasion
# (General Charge)
# 26 USC § 7201

Counts One through Five of the Superseding Indictment charge the Defendant with tax evasion in violation of Title 26, United States Code, Section 7201.  Section 7201 makes it a Federal crime or offense for anyone to willfully attempt to evade or defeat the payment of federal income taxes.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>: That the Defendant committed an affirmative act constituting an attempt to evade or defeat a tax or the payment thereof;

<u>Second</u>: That an additional tax is due and owing; and

<u>Third</u>: The defendant acted willfully.

The proof need not show the precise amount of the additional tax due as alleged in the Superseding Indictment, but it must be established beyond a reasonable doubt that the Defendant knowingly and willfully attempted to evade or defeat some substantial portion of such additional tax as charged.

The word "attempt" contemplates that the Defendant had knowledge and an understanding that, during the particular tax year involved, she had income which was taxable, and which the Defendant was required by law to report; but that she nevertheless attempted to evade or defeat the tax, or a substantial portion of the tax on that income, by willfully failing to report all of the income which she knew she had during that year.  [**Modified additional language requested**:  **Failure to file a tax return, without any additional act, does not constitute an affirmative act constituting an attempt to evade or defeat a tax or the payment thereof.**]

Federal income taxes are levied upon income derived from compensation for personal services of every kind and in whatever form paid, whether as wages, commissions, or money earned for performing services. The tax is also levied upon profits earned from any business, regardless of its nature, and from interest, dividends, rents and the like. The income tax also applies to any gain derived from the sale of a capital asset. In short, the term "gross income" means all income from whatever source unless it is specifically excluded by law.

On the other hand, the law does provide that funds acquired from certain sources are not subject to the income tax. The most common non-taxable sources are loans, gifts, inheritances, the proceeds of insurance policies, and funds derived from the sale of an asset to the extent those funds equal the cost of the asset.

*This proposed jury instruction follows the 2003 edition of the Eleventh Circuit Pattern Jury Instructions, but modifies the elements to fit the charged Spies tax evasion. Otherwise, the instruction follows the 2003 pattern.*

**ANNOTATIONS AND COMMENTS**

Regarding the first element.  See *Sansone v. United States*, 380 U.S. 343, 351 (1965); *Spies v. United States*, 317 U.S. 492, 497-99 (1943).

Regarding the second element.  See *Boulware v. United States*, 552 U.S. 421, 424 (2008); *Sansone*, 380 U.S. at 351; *Lawn v. United States*, 355 U.S. 339, 361 (1958).

Regarding the third element.  See *Cheek v. United States*, 498 U.S. 192, 193 (1991); *United States v. Pomponio*, 429 U.S. 10, 12 (1976); *United States v. Bishop*, 412 U.S. 346, 358-59 (1973); *Sansone*, 380 U.S. at 351; *Holland v. United States*, 348 U.S. 121, 124, 139 (1954).

**Modified Eleventh Circuit 2010 Pattern Jury Instruction 9**
**Good-Faith Defense to Willfulness**
**(as under the Internal Revenue Code)**

Good-Faith is a complete defense to the charges in the Superseding Indictment since good-faith on the part of the Defendant is inconsistent with willfulness, and willfulness is an essential part of the charges. If the Defendant acted in good faith, sincerely believing herself to be exempt by the law from the filing of income tax returns, then the Defendant did not intentionally violate a known legal duty – that is, the Defendant did not act "willfully." The burden of proof is not on the Defendant to prove good-faith intent because the Defendant does not need to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged.

Intent and motive must not be confused. "Motive" is what prompts a person to act. It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that the Defendant specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the

5

element of "willfulness" is satisfied, even if the Defendant believed that violating the law was religiously, politically or morally required or that ultimate good would result. *Modified (additional) language requested*: [**The Defendant's claimed good-faith belief need not be objectively reasonable; however, the reasonableness of a belief is factor for the jury to consider in determining whether the Defendant actually held a belief and acted upon it. A Defendant who knows what the law is and who disagrees with it does not have a bona fide misunderstanding defense. A persistent refusal to acknowledge the law does not constitute a good-faith misunderstanding of the law.**]

*This proposed jury instruction is from the 2010 Edition of the Eleventh Circuit Pattern Jury Instructions, because no such instruction is in the 2003 edition.*

**ANNOTATIONS AND COMMENTS**

This instruction has been updated and now more closely resembles the language of other good faith defenses. *See United States v. Anderson*, 872 F.2d 1508, 1517-18 (11th Cir. 1989), cert. denied, 493 U.S. 1004 (1989). However, in *United States v. Paradies*, 98 F.3d 1266 (11th Cir. 1996), *cert. denied*, 521 U.S. 1106 and 522 U.S. 1014 (1997), the Eleventh Circuit noted that although the jury instructions given in the case were legally sufficient as a whole, a portion of the former Special Instruction 9 "might potentially be deemed confusing." *Id*. at 1285. The updated instruction eliminates the confusion. It may be given when appropriate as a supplement to Basic Instruction 9.1B.

**As to the modified additional language requested, the source is the following.**

*See Cheek v. United States*, 498 U.S. 192, 204 (1991); United States v. Dean, 487 F.3d 840, 850 (11th Cir. 2007) (affirming district court that used Eleventh Circuit Pattern Jury Instructions, and added language substantively identical to the requested modification above, based on *Cheeks;* case involved defendant claiming good faith defense based on "tax-protestor" arguments; Eleventh Circuit also affirmed separate willful blindness instruction); *United States v. Grunewald*, 987 F.2d 531, 536 (8th Cir. 1993).