# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:13-CR-178-T-27AEP

NOVA A. MONTGOMERY

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the Superseding Indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, lack of evidence, or conflicts in the evidence.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

The Superseding Indictment charges ten separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the Superseding Indictment to refer to during your deliberations. Counts One through Five charge the Defendant with Tax Evasion. Counts Six through Ten charge the Defendant with Failure to File Tax Returns. I will explain the law governing those substantive offenses in a moment.

Counts One through Five of the Superseding Indictment charge the Defendant with tax evasion in violation of Title 26, United States Code, Section 7201. Section 7201 makes it a Federal crime or offense for anyone to willfully attempt to evade or defeat the payment of federal income taxes.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant committed an affirmative act constituting an attempt to evade or defeat a tax or the payment thereof;

Second: That an additional tax is due and owing; and

Third: The Defendant acted willfully.

The proof need not show the precise amount of the additional tax due as alleged in the Superseding Indictment, but it must be established beyond a reasonable doubt that the Defendant knowingly and willfully attempted to evade or defeat some substantial portion of such additional tax as charged.

The word "attempt" contemplates that the Defendant had knowledge and an understanding that, during the particular tax year involved, she had income which was taxable, and which the Defendant was required by law to report; but that she nevertheless attempted to evade or defeat the tax, or a substantial portion of the tax on that income, by willfully failing to report all of the income which she knew she had during that year. Failure to file a tax return or failure to pay taxes, without any additional act, does not constitute an affirmative act constituting an attempt to evade or defeat a tax or the payment thereof.

Federal income taxes are levied upon income derived from compensation for personal services of every kind and in whatever form paid, whether as wages, commissions, or money earned for performing services. The tax is also levied upon profits earned from any business, regardless of

its nature, and from interest, dividends, rents and the like. The income tax also applies to any gain derived from the sale of a capital asset. In short, the term "gross income" means all income from whatever source unless it is specifically excluded by law.

On the other hand, the law does provide that funds acquired from certain sources are not subject to the income tax. The most common non-taxable sources are loans, gifts, inheritances, the proceeds of insurance policies, and funds derived from the sale of an asset to the extent those funds equal the cost of the asset.

In these charges, the Court has reviewed the pertinent parts of federal statutes which are alleged to have been violated. Where a statute specifies several alternative ways in which an offense may be committed, the Superseding Indictment may allege the several ways in the conjunctive, that is, by using the word "and;" therefore, if only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as the jury agrees unanimously as to at least one of the alternatives.

Counts Six through Ten of the Superseding Indictment charge the Defendant with Failure to File a Tax Return. Title 26, United States Code, Section 7203, makes it a Federal crime or offense for anyone to willfully fail to file a federal income tax return when required to do so by the Internal Revenue laws or regulations.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant was required by law or regulation to make a return of her income for the taxable year charged;

Second: That the Defendant failed to file a return at the time required by law; and

Third: That the Defendant's failure to file the return was willful.

A person is required to make a federal income tax return for any tax year in which she has gross income in excess of the following thresholds:

| CalendarYear | Statutory Due Date | Gross Income Threshold |
|---|---|---|
| 2008 | April 15, 2009 | $8,950 |
| 2009 | April 15, 2010 | $9,350 |
| 2010 | April 18, 2011 | $9,350 |
| 2011 | April 17, 2012 | $9,500 |
| 2012 | April 15, 2013 | $9,750 |

"Gross income" includes the following: (1) Compensation for services, including fees, commissions and similar items; (2) Gross income derived from business; (3) Gains derived from dealing in property; (4) Interest; (5) Rents; (6) Royalties; (7) Dividends; (8) Alimony and separate maintenance payments; (9) Annuities; (10) Income from life insurance and endowment contracts; (11) Pensions; (12) Income from discharge of indebtedness; (13) Distributive share of partnership gross income; (14) Income in respect of a decedent; and (15) Income from an interest in an estate or trust.

-13-

The Defendant is a person required to file a return if the Defendant's gross income for any calendar year exceeds amounts indicated in the table above even though the Defendant may be entitled to deductions from that income in a sufficient amount so that no tax is due. So, the Government is not required to prove that a tax was due and owing, or that the Defendant intended to evade or defeat payment of taxes, only that the Defendant willfully failed to file the return.

The Internal Revenue Service is an agency of the United States Department of the Treasury and is responsible for the assessment, ascertainment, computation and collection of federal income taxes, including individual income taxes. The Internal Revenue Code, also known as the tax code, imposes an income tax on all citizens and residents of the United States, as well as non-resident aliens who earn income within the United States. According to the tax code, a person is a "non-resident alien" only if he or she is neither a citizen of the United States, nor a resident of the United States. A person is a citizen if he or she was born in the United States, or if born outside the United States, applied for and was granted citizenship.

The tax laws are valid, constitutional and allow for the taxation of income from whatever source derived, including gross income from business, rents, compensation, interest, salaries and wages. The Sixteenth Amendment to the United States Constitution grants Congress the power to tax "incomes, from whatever source derived." Pursuant to this lawful authority, Congress has imposed a tax on the taxable income of every individual under Title 26, United States Code, Section 1. The imposition of an income tax on individuals is lawful.

By law, the payment of income tax is not voluntary in the sense of it being optional. Voluntary in this context only means that individual taxpayers are responsible for preparing their own tax returns, instead of the government auditing and assessing each person's taxes. A person is required to file a federal income tax return for any calendar year in which he or she has gross income in excess of the minimum filing requirement.

The Superseding Indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was done voluntarily and purposely with the specific intent to violate a known legal duty, that is, with the intent to do something the law forbids. Disagreement with the law or a belief that the law is wrong does not excuse willful conduct.

The element of knowledge may be satisfied by inferences drawn from the evidence that a defendant deliberately closed her eyes to what would otherwise have been obvious to her. A finding beyond a reasonable doubt of conscious purpose to avoid enlightenment or understanding would permit an inference of knowledge on the part of a defendant. Stated another way, a defendant's knowledge of a fact may be inferred from deliberate ignorance to the existence of the fact. It is entirely up to you as to whether you find deliberate closing of the eyes and the inferences to be drawn from any such evidence. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.

Intentional flight by a person after a crime has been committed is not, of course, sufficient in itself to establish the guilt of that person, but intentional flight under those circumstances is a fact which, if proved, may be considered by the jury in light of all the other evidence in the case in determining the guilt or innocence of that person.

Whether or not the defendant's conduct constituted flight is exclusively for you, as the jury, to determine. And if you do so determine that flight showed a consciousness of guilt on the defendant's part, the significance to be attached to that evidence is also a matter exclusively for you as a jury to determine.

I do remind you that in your consideration of any evidence of flight, if you should find that there was flight, you should consider that there may be reasons for this which are fully consistent with innocence. And, may I suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime which you may be considering.

Good-Faith is a complete defense to the charges in the Superseding Indictment since good-faith on the part of the Defendant is inconsistent with willfulness, and willfulness is an essential part of the charges. If the Defendant acted in good faith, sincerely believing herself to be exempt by the law from the filing of income tax returns, then the Defendant did not intentionally violate a known legal duty – that is, the Defendant did not act "willfully." The burden of proof is not on the Defendant to prove good-faith intent because the Defendant does not need to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged.

Intent and motive must not be confused. "Motive" is what prompts a person to act. It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that the Defendant specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of "willfulness" is satisfied, even if the Defendant believed that violating the law was religiously, politically or morally required or that ultimate good would result. The Defendant's claimed good-faith belief need not be objectively reasonable; however, the reasonableness of a belief is a factor for the jury to consider in determining whether the Defendant actually held a belief and acted upon it. A Defendant who knows what the law is and who disagrees with it does not have a bona fide misunderstanding defense. A persistent refusal to acknowledge the law does not constitute a good-faith misunderstanding of the law.

The Defendant is not on trial for any conduct not charged in the Superseding Indictment. In other words, she cannot be convicted merely because she associated with others who the evidence may show acted in violation of the law. Such evidence may be considered however, as to whether the Defendant acted knowingly and willfully. The Government must prove each element of the charged offenses beyond a reasonable doubt on the basis of the Defendant's own conduct and state of mind.

A separate crime or offense is charged in each count of the Superseding Indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the Superseding Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.